# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| CRYSTAL PAGE and ) <br> JACQUELINE SWINT ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> GLOBAL EMPIRE, LLC, ) <br> GLOBAL HEALTHCARE GROUP, and ) <br> NOOR, INC. ) <br>  ) <br> Defendants. ) <br>  ) | Civil Action No. 2:22-cv-32 <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Crystal Page and Jacqueline Swint ("Plaintiffs") complain as follows against their former employers, Defendants Global Empire, LLC, Global Healthcare Group, and Noor, Inc. ("Defendants").

## NATURE OF THE CLAIM

1. This is an action for relief from discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq.*

2. Plaintiffs Crystal Page and Jacqueline Swint ("Plaintiffs") have been subjected to discrimination because of race (African American), color (Black), and in retaliation for their prior protected EEO activity ultimately leading to their discharge on April 1, 2020.

3. As described in more detail below, Defendants fired Plaintiffs just hours after Plaintiffs complained about race discrimination at their work site at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Specifically, on April 1, 2020, Plaintiffs observed that Black contractors, including Plaintiffs, were not being allowed to work or earn a living during an

1

institutional lockdown as a result of the COVID-19 pandemic, while White contractors were given modified job duties so that they could continue working.  Plaintiffs complained to FCI Jesup management that they believed the decision to prevent them from working during an institutional lockdown while modifying the duties and responsibilities of white contractors so that they could continue to work and get paid was race discrimination.  Within hours of Plaintiffs' complaints, the Warden at FCI Jesup said "she had enough drama to deal with and that she wanted to terminate their contracts," notified Defendants Global Empire, Global Healthcare, and Noor of Plaintiffs' complaints of discrimination, and instructed Defendants not to send the women back to the institution.  Even after Plaintiffs further explained to Defendants that they were complaining about being discriminated against on the basis of their race, Defendants rubber-stamped FCI Jesup's decision to terminate Plaintiffs and notified them that their assignment ended, effective immediately, and that they would receive their final paychecks.

4.     Through this action, Plaintiffs seek a determination that Defendants violated Plaintiffs' rights under Title VII of the Civil Rights Act of 1964; implementation of policies, including training, to protect employees from race discrimination and retaliation; reinstatement, front and back pay, pecuniary and nonpecuniary compensatory damages, and reasonable attorney fees and expenses.

## PARTIES

5.     Plaintiff Crystal Page is an African American/Black resident of Ludowici, Georgia who was employed by Defendants at FCI Jesup at all relevant times herein.  Plaintiff Page is a protected person within the meaning of 42 U.S.C. § 2000e-2.

6.     Plaintiff Jacqueline Swint is an African American/Black resident of Jesup, Georgia who was employed by Defendants at FCI Jesup at all relevant times herein.  Plaintiff Swint is a

protected person within the meaning of 42 U.S.C. § 2000e-2.

7. Defendant Global Empire, LLC ("Global Empire") is a Pennsylvania limited liability company and a division of Noor, Inc., that employs individuals to provide on-site staffing for the United States Department of Justice at FCI Jesup, which is located at 2600 US-301, Jesup, GA 31599. Global Empire is an employer with at least 15 employees. Global Empire is a "person" within the meaning of 42 U.S.C. § 2000e(a) and is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. Defendant Global Healthcare Group ("Global Healthcare") is a Pennsylvania limited liability company and a division of Noor, Inc., that employs individuals to provide on-site staffing for the United States government. Global Healthcare is an employer with at least 15 employees. Global Healthcare is a "person" within the meaning of 42 U.S.C. § 2000e(a) and is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9. Defendant Noor Inc. ("Noor") is a New York Corporation that employs individuals to provide on-site staffing for the United States Department of Justice at FCI Jesup, which is located at 2600 US-301, Jesup, GA 31599. Noor is an employer with at least 15 employees. Global Empire and Global Healthcare are divisions of Noor. Noor is a "person" within the meaning of 42 U.S.C. § 2000e(a) and is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' Title VII claim pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3) because this is a civil action alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

11. This Court has personal jurisdiction over Defendants Global Empire, LLC, Global Healthcare Group, and Noor, Inc. because, at all times relevant, Defendants employed individuals,

3

including Plaintiffs, to perform work within this district, including at FCI Jesup, which is located at 2600 US-301, Jesup, GA 31599.

12. Venue is appropriate in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where the events or omissions giving rise to the cause of action occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. On September 25, 2020, Plaintiffs timely filed a charge of discrimination with the EEOC. Plaintiffs' charge alleged that Defendants terminated them because of race and retaliation.

14. On December 30, 2021, the EEOC issued Plaintiffs a notice of right to sue, which notified Plaintiffs that they had a right to sue Defendants within 90 days of their receipt of the notice. Copies of the notices are attached as Exhibit A. This action is timely filed.

## FACTS

15. Plaintiff Jacqueline Swint worked as a contract dental assistant at FCI Jesup, without significant incident, for more than 23 years until her termination on April 1, 2020. For approximately three years prior to her termination, she was employed by Global Empire, LLC, which had the contract to provide contract dental assistants for FCI Jesup.

16. Plaintiff Crystal Page worked as a contract dental assistant at FCI Jesup, without significant incident, for approximately 5 years until her termination on April 1, 2020. For approximately three years prior to her termination, she was employed by Global Empire, LLC, which had the contract to provide contract dental assistants for FCI Jesup.

17. Global Empire, LLC, together with its affiliated companies Global Healthcare and Noor, Inc., is a government contractor providing healthcare staffing for the Federal Bureau of Prisons at FCI Jesup. As a government contractor, Global Empire has an affirmative duty to

prevent and remove all forms of bias that may interfere during the performance of the contract. *See* 30 Fed. Reg. 12319 ("During the performance of this contract … [t]he contractor will not discriminate against any employee or applicant for employment because of race, creed, color, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, creed, color, or national origin. Such action shall include, but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The contractor agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided by the contracting officer setting forth the provisions of this nondiscrimination clause.").

18. During Plaintiffs' time at FCI Jesup prior to April 1, 2020, FCI Jesup management told black contractors, including Plaintiffs, that they were not permitted to come to work inside the institution during institutional lockdowns and therefore must forego working and earning income.  However, FCI Jesup management created modified assignments for white contractors to continue working and earning pay.  Prior to April 1, 2020, Plaintiffs had previously asked Shania Davis, the Contracts and HR Coordinator for Global Empire, why they could not continue working during institution lockdowns like other contractors could.

19. On approximately March 31, 2020, FCI Jesup management notified Plaintiffs that no contractors were allowed to enter the institution starting April 1, 2020 due to an institution lockdown as a result of the COVID-19 pandemic.

20. On April 1, 2020, Plaintiffs went to FCI Jesup to obtain paperwork to assist with filing for unemployment benefits while they were unable to work during the institution lockdown.

21. On April 1, 2020, while they were waiting in the front lobby at FCI Jesup for someone to help with the paperwork they needed, Plaintiffs observed white contractors arriving for work and entering the institution. Plaintiffs reported to FCI Jesup Assistant Health Services Administrator Daniel Ward and Dental Officer Dr. Lela Lewis that they believed the institution racially discriminated against them by allowing white, but not black, contractors to continue working during the lockdown. Plaintiffs expressed their concerns professionally.

22. Plaintiffs left FCI Jesup on April 1, 2020, after receiving assurances the institution would provide them with the documentation they needed regarding the institution lockdown.

23. After leaving FCI Jesup, Plaintiffs called Defendants' Contracts and HR Coordinator, Shania Davis, and expressed that they believed FCI Jesup management was discriminating against them. Ms. Davis advised Plaintiffs to speak to Defendants' Director of Government Services Greeshma Verma.

24. The same morning, April 1, 2020, Assistant Health Services Administrator Daniel Ward, Assistant Warden Burgos and/or other officials at FCI Jesup notified FCI Jesup Warden Linda Geter about Plaintiffs' complaints of racial discrimination. Warden Geter "said something along the lines of…she had enough drama to deal with and that she wanted to terminate their contracts[.]"

25. The same morning she learned about Plaintiffs' complaints of discrimination, Warden Geter executed a memo advising Global Empire that Plaintiffs were no longer to report to work at FCI Jesup. FCI Jesup then notified Defendants that they wanted to terminate Plaintiffs' services.

26. Defendants then rubber-stamped FCI Jesup's decision and informed Plaintiffs that their employment was terminated, effective immediately. The afternoon of April 1, 2020, Shania

Davis emailed Plaintiffs to notify them that they were terminated effective that day: "FCI Jesup has requested that you no longer report to their institution. Your assignment has ended today. Any remaining vacation hours that you have left will be paid to you on your last paycheck. Please email your timesheet to me or fax it to 717-303-3557 so that we can send it to the institution to be signed."

27. After receiving the termination email from Shania Davis, Plaintiffs called Defendants' Director of Government Services Greeshma Verma and explained that they went to FCI Jesup to obtain written documentation to support their claim for unemployment benefits; that they observed white contractors being allowed to enter the institution to work; and that they complained that FCI Jesup had discriminated against them on the basis of their race. Director Verma did not offer to reconsider Plaintiffs' termination, but stated that she would provide them with information about how to file a complaint.

28. On April 2, 2020, Defendants' Contracts and HR Coordinator Shania Davis emailed Plaintiffs a document entitled "DOJ Whistleblower Informational Poster."

29. On April 2, 2020, Defendants placed advertisements to hire new employees to replace Plaintiffs.

## CLAIMS

### COUNT I – DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII

30. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint.

31. As set forth above, Plaintiffs were subjected to discrimination on the basis of their race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq* when they were denied equal terms and conditions of employment and ultimately terminated.

32. As a direct and proximate result of the discrimination to which Plaintiffs were subjected, Plaintiffs lost their employment and suffered damages for which they should be compensated in an amount to be determined at trial.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

33. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint.

34. As set forth above, Plaintiffs engaged in conduct protected by Title VII when they reported and opposed racial discrimination at FCI Jesup.

35. After Plaintiffs engaged in this protected activity, Defendants retaliated against them by terminating their employment. Plaintiffs' terminations would dissuade a reasonable person from engaging in protected activity.

36. In addition to other direct and circumstantial evidence of motive, the temporal proximity between Plaintiffs' protected activity and the Defendants' retaliatory actions demonstrates causal connection.

37. As a direct and proximate result of their protected activity, Plaintiffs were terminated, lost their employment, and suffered damages for which they should be compensated in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against the Defendant as follows:

i. Declare that Defendants violated the Plaintiffs' rights under Title VII of the Civil Rights Act of 1964;

ii. Order Defendants to adopt and implement policies, procedures, and practices that will protect employees from harassment on the basis of race and protect employees from retaliation for engaging in protected activity;

iii. Reinstate Plaintiffs with full backpay, interest benefits, and correction of records;

iv. Award Plaintiffs pecuniary and non-pecuniary compensatory damages;

v. Order Defendants to pay Plaintiffs' reasonable attorneys' fees, costs, and expenses;

vi. Aware pre- and post-judgment interest; and

vii. Order all other legal and equitable relief as many be just and proper.

## JURY DEMAND

Plaintiffs request a jury trial for all claims that may be tried to a jury.

DATED:  March 30, 2022

        Respectfully Submitted,

        */s/Wesley Woolf*
        S. Wesley Woolf
        408 East Bay Street
        Savannah, GA 31401
        T: (912) 201-3696
        F: (912) 236-1884
        Email: woolf@woolflawfirm.net

        Heidi R. Burakiewicz
        (*Pro Hac Vice* Application Forthcoming)
        Kalijarvi, Chuzi, Newman & Fitch, P.C.
        818 Connecticut Ave. NW, Suite 1000
        Washington, DC 20006
        T: (202) 331-9260
        F: (877) 219-7127

        Email: hburakiewicz@kcnlaw.com

        *Counsel for Plaintiff*