**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| CRYSTAL PAGE and<br>JACQUELINE SWINT<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL EMPIRE, LLC,<br>GLOBAL HEALTHCARE GROUP, and<br>NOOR, INC.<br><br>Defendants. | ) | Civil Action No. 2:22-cv-32 |

**PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT**

COME NOW Plaintiffs Crystal Page and Jacqueline Swint ("Plaintiffs") in the above-captioned matter and submit this Motion for Clerk's Entry of Default and in support thereof respectfully show the following:

1. Plaintiffs filed this action against Defendants Global Empire, LLC, Global Healthcare Group, and Noor, Inc. ("Defendants") on March 30, 2022. (Doc. No. 1).

**Plaintiffs Repeatedly Notified Defendants About the Lawsuit, and Were Ultimately Forced to Serve the Georgia Secretary of State Because Defendants Do Not Maintain a Registered Agent in Georgia**

2. Prior to filing the complaint, counsel for Plaintiffs reached out to Defendants' corporate management office and requested to be put in contact with the attorney who would be representing the Defendants in this matter. Defendants did not respond. (Doc. No. 9, Ex. 1).

3. On April 4, 2022, just five days after the complaint was filed, counsel for Plaintiffs contacted Defendants' corporate representative a second time to provide a copy of the complaint and request to be put in touch with the attorney handling the case in order to discuss service. Once again, Defendants did not respond. (Doc. No. 9, Ex. 1).

4. Due to the complete lack of communication from Defendants' corporate office, the complexity of Defendants' corporate structure, and confusion regarding Defendants' authorization to do business in the State of Georgia, Plaintiffs faced major difficulties locating the registered agents for the Defendant entities. In addition to retaining a process server, Plaintiffs were ultimately left with no choice but to employ the assistance of an investigator to locate the Defendants and their registered agents.

5. Plaintiffs received the results of the investigator's search for Defendants Global Healthcare Group and Noor, Inc. on June 6, 2022, and the results of the search for Defendant Global Empire, LLC on June 9, 2022. (Doc. No. 9, Ex. 3-5). Plaintiffs promptly submitted the summons for each Defendant on June 11, 2022, and the clerk issued the completed summons for the Defendants on June 13, 2022. (Doc. Nos. 5, 6).

6. The next day, on June 14, Plaintiffs' counsel sent a copy of the complaint and the summons for each Defendant to the process server to be served. (Doc. No. 9, Ex. 14).

7. On June 27, 2022, Plaintiffs received affidavits of service for each Defendant, which were executed on June 23. (Doc. No. 9, Ex. 7-9). The comments for each affidavit indicated that the registered agent had refused service, and that the paperwork was left at the front desk.

8. Plaintiffs subsequently received correspondence from the registered agent for Defendants on July 6, 2022, advising that they are not the correct agent for service of process, returning the service documents, and providing the name of a different agent for each Defendant. (Doc. No. 9, Ex. 10). Based upon this information, Plaintiffs' counsel immediately retained a process server to serve the new registered agents. (Doc. No. 9, Ex. 1).

9. On June 22, 2022, a second attempt at service was made on each Defendant. None of these attempts was successful. (Doc. No. 9, Ex. 12-14).

10. On August 10, 2022, in accordance with the provisions of Ga. Code Ann., § 9-11-4, Plaintiffs submitted service filings for each Defendant to the Georgia Secretary of State. (Doc. No. 9, Ex. 18-20).

11. On August 30, 2022, Plaintiffs received confirmation that the service of process filings for each of the Defendants had been successfully processed by the Georgia Secretary of State's office on August 30, 2022. (Doc. Nos. 11-13).

**Defendants Failed to File a Responsive Pleading**

12. Federal Rule of Civil Procedure 12(a)(1)(A) provides that "[u]nless another time is specified . . . the time for serving a responsive pleading is . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A).

13. Defendants were required to serve responsive pleadings on or before September 20, 2022. However, despite being served with process, Defendants have failed to file an answer or other responsive pleading with the Court, and no extensions have been requested or granted.

14. Federal Rule of Civil Procedure 55(a) provides in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

15. This motion is being filed after the date by which the Defendants should have served and filed their respective answers or other responsive pleadings to this lawsuit pursuant to Federal Rule of Civil Procedure 12.

16. Defendants' failure to file a responsive pleading warrants the issuance of an order by the Clerk of Court granting an entry of default for the Plaintiffs and against the Defendants and the entry of such default against the Defendants is both right and appropriate.

WHEREFORE, Plaintiffs respectfully request that the Clerk enter an Order of default against Defendants in this case.

Respectfully Submitted,

*/s/Wesley Woolf*
S. Wesley Woolf
408 East Bay Street
Savannah, GA 31401
T: (912) 201-3696
F: (912) 236-1884
Email: woolf@woolflawfirm.net

Heidi R. Burakiewicz
(*Pro Hac Vice* Application Forthcoming)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
T: (202) 331-9260
F: (877) 219-7127
Email: hburakiewicz@kcnlaw.com

*Counsel for Plaintiffs*