**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| CRYSTAL PAGE and JACQUELINE SWINT | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 2:22-cv-00032-LGW-BWC |
| GLOBAL EMPIRE, LLC, GLOBAL HEALTHCARE GROUP, and NOOR, INC. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's November 8, 2024 Order, Doc. No. 91, the Parties respectfully submit this Joint Status Report.

(1) A statement about the progress of third-party discovery in this case directed at the BOP and any outstanding issues;

Plaintiffs' Discovery Status. Plaintiffs issued a subpoena seeking records from the Federal Bureau of Prisons ("BOP") on November 8, 2024, and anticipate taking several depositions of current and former BOP employees, including a deposition pursuant to Fed. R. Civ. P. 30(b)(6), following the BOP's production of records.

Defendants' Discovery Status. As discussed in prior conferences, Defendants previously issued a subpoena seeking records from the BOP. The BOP has responded to Defendants' subpoena, but the responsive documents are heavily redacted. On November 6, 2024, Defendants' counsel identified and requested specific page numbers of documents to be unredacted by the BOP. Since then, Defendants' counsel and BOP's counsel have been working cooperatively, however, the issue is not fully resolved. First, there are a few documents that the BOP will not redact without

a protective order. Defendants' counsel is evaluating if the Protective Order in this case may be amended to add the BOP as a party, or if a separate protective order will be necessary. Second, after reviewing the documents BOP produced to date, Defendants' counsel has determined that they need the race of certain contractors or other individuals identified in the documents. This information may be relevant to Plaintiffs' race discrimination and retaliation claims. BOP's counsel indicated that they will not provide the races because the races are not included in the documents themselves. Defendants' counsel requested this race information informally in an attempt to shortcut the process and avoid serving a new subpoena, which would delay the completion of third-party discovery. However, because BOP's position is that the races are outside the scope of Defendants' original subpoena, Defendants will need to prepare and serve a new subpoena requesting this race information. Defendants also anticipate they may need to follow up additional information produced by the BOP in response to the Plaintiffs' subpoena. Defendants also anticipate deposing at least two or more BOP employees.

(2) A statement on the discovery plan for remaining discovery in this case, including the need for written discovery and the time needed to complete necessary depositions;

In addition to existing written discovery about which the Parties are continuing to communicate, Plaintiffs anticipate submitting supplemental discovery requests, as well as taking the depositions of at least two employees of Defendants along with a deposition pursuant to Fed. R. Civ. P. 30(b)(6).

Similarly, Defendants and Plaintiffs continue to work together to supplement certain discovery responses. Defendants also anticipate taking the depositions of the two Plaintiffs.

(3) The parties' position on administratively closing this case pending either mediation of the EEOC claim or complete resolution of the EEOC claim.

The Parties propose a partial stay of this case pending resolution of Plaintiffs' claims against the Bureau of Prisons currently pending before the EEOC, *Swint v. Garland*, EEOC No. 410-2024-00108X; and *Page v. Garland*, EEOC No. 410-2024-00109X. The Parties request, however, that third party discovery involving the Bureau of Prisons not be stayed. Additionally, the Parties agree that they should be able to continue pursuing and exchanging written discovery between themselves during the partial stay. Finally, the Parties intend to use any stay to continue discussing settlement. All other matters should be stayed pending the resolution of Plaintiffs claims against the Bureau of Prisons.

The Parties propose scheduling a conference call to discuss the status of the case following the conclusion of Plaintiffs' mediation efforts with the BOP. The mediation is scheduled to begin on December 5, 2024; however, based on counsel's experience, mediation sessions with this Agency in cases pending at the EEOC rarely conclude in the first session.

DATED: November 18, 2024

Respectfully Submitted,

*/s/Robert DePriest*

Robert DePriest (*Pro Hac Vice*)
Heidi R. Burakiewicz (*Pro Hac Vice*)
Burakiewicz & DePriest
1015 15th Street N.W., Suite 600
Washington, DC 20005
Telephone: (202) 856-7500
Fax: (202) 217-2599
Email: rdepriest@bdlawdc.com
hburakiewicz@bdlawdc.com

S. Wesley Woolf
2905 Bull Street
Savannah, GA 31405
Telephone: (912) 201-3696
Fax: (912) 236-1884
Email: woolf@woolflawfirm.net

*Counsel for Plaintiffs*

*/s/ Neal Shah*

**BRADLEY ARANT BOULT CUMMINGS LLP**

John Elliott
Georgia Bar No. 350612
Paul R. Barsness *(Pro Hac Vice)*
Georgia Bar No. 597107
Promenade Tower, 20th Floor
1230 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone: (404) 868-2100
Email: clyndale@bradley.com
pbarsness@bradley.com

**FROST BROWN TODD LLP**

Neal Shah *(Pro Hac Vice)*
Ohio Bar No. 0082672
Jessica T.S. Sexton *(Pro Hac Vice)*
Ohio Bar No. 0097763
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Fax: (513) 651-6981
Email: nshah@fbtlaw.com
jsexton@fbtlaw.com

*Counsel for Defendants Global Empire, LLC, Global Healthcare Group, and Noor, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

*/s/Robert DePriest*